# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| THOMAS OSTROWSKI, <br>     Plaintiff, <br><br> v. <br><br> LAKE COUNTY BOARD OF <br> COMMISSIONERS, *et al*., <br>     Defendants. | CAUSE NO.: 2:16-CV-166-JEM |

## OPINION AND ORDER

This matter is before the Court on a flurry of motions filed by *pro se* Plaintiff Thomas Ostrowski: a "Motion to Comp[el] Under Rule 37 of the Federal Rules of Civil Pr[o]cedure[] and N.D. Ind. L.R. 37-1" [DE 68], filed on September 20, 2016; a "Motion for Protective Order Under Rule 26" [DE 73], filed on September 27, 2016; three "Motion[s] to Compel Under Rule 33 and 37" [DE 75, 76, 77], filed on September 28, 2016; and a "Motion to Produce Documen[t]s Under Rule 34 FRCP" [DE 78], filed on September 28, 2016.

## I.     The September 20 Motion to Compel

In his September 20 motion to compel, Plaintiff asks the Court to order Defendants to respond to Plaintiff's interrogatories, requests for admission, and requests for document production.

### A.     Plaintiff's interrogatories and requests for admission

On July 8, 2016, Plaintiff served interrogatories on Defendants Jack Allendorf and Brian Hitchcock [DE 30, 31]. Allendorf and Hitchcock responded on September 27 [DE 72].

On July 21, 2016, Plaintiff purported to serve interrogatories to non-parties Michael Repay and Gerry Scheub [DE 40, 41]. Scheub responded on September 27 [DE 72]. Repay responded on September 30 [DE 82].

1

On July 21, 2016, Plaintiff filed requests for admission on Defendants [DE 42]. Defendant Lake County Council responded on August 30 [DE 63]. The other four defendants responded on September 23, 2016 [DE 70].

Because Defendants have responded to Plaintiff's interrogatories and requests for admission, the Court will deny Plaintiff's September 20 motion to compel as moot with respect to the interrogatories and requests for admissions.

Plaintiff complains that, even though Defendants responded, they did not respond by their September 19 deadline. And indeed, Defendants did not finish responding until September 30 even though Plaintiff denied Defendants' request on September 19 to have an extension to September 30 to respond. But the Court finds that delay was substantially justified and was not made in bad faith or for the purpose of delay: the delay was short, and Defendants' lawyer represents that he asked for the short extension "to allow sufficient time to provide a thorough and complete response." This is not a situation where an intransigent party refused to provide discovery and acted only after being served with a motion to compel. Rather, Defendants asked Plaintiff for a short extension before the time to respond had expired, and Defendants met their requested deadline. So even though Defendants responded to Plaintiff's discovery requests only after Plaintiff filed the September 20 motion to compel, the Court will not award any fees to Plaintiff. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).

### B.     Plaintiff's requests for document production

On August 17, 2016, Plaintiff served requests for document production on four of the five Defendants [DE 61]. Defendants have not filed their responses with the Court as required by Northern District of Indiana Local Rule 26-2(a)(2)(A) ("All discovery material in cases involving a pro se party must be filed."). But this is likely due to the privacy concerns discussed in Section II,

below. Indeed, the correspondence filed at DE 74-1 suggests that Defendants have already provided their document production to Plaintiff. So the Court will also deny the September 20 motion to compel as moot with respect to Plaintiff's document production requests. And although it appears the production came only after Plaintiff filed the September 20 motion to compel, the Court finds that Defendant's delay in responding was substantially justified for the reasons discussed in Section I.A above and in Section II below, so the Court will not award any fees. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).

## II. The Motion for Protective Order

In his motion for a protective order, Plaintiff asks the Court to order Defendants to seal and hand-deliver to the Court any discovery documents from Plaintiff's personnel file and then to conduct a hearing "so that all the parties may state to the Court which records they believe should be entered . . . into the record." Plaintiff expresses concern that his HIPAA rights or other privacy rights may be violated if Defendants file documents from his personnel file electronically in response to Plaintiff's document requests. *See* N.D. Ind. L.R. 26-2(a)(2)(A) ("All discovery material in cases involving a pro se party must be filed.").

The Court may, for good cause, issue the type of protective order Plaintiff seeks. *See* Fed. R. Civ. P. 26(c)(1). But the Court finds no good cause to issue such an order at this time. Before Plaintiff even filed his motion for a protective order, Defendants' lawyer wrote to Plaintiff suggesting that Defendants file with the Court an "inventory" of their document production rather than the documents themselves. "This would primarily be for your [Plaintiff's] protection," Defendants' lawyer wrote to Plaintiff, "as for one thing the online docket is public record and I'm sure there [are] some [documents] that you would rather not have available to the general public."

The Court finds that Defendants' suggested method of producing documents is reasonable and avoids the risk of broad public disclosure of Plaintiff's personal or sensitive information. As such, the Court will deny Plaintiff's motion for a protective order.

Plaintiff argues that holding a hearing as he suggests would ensure that at trial the jury "would not be able to hear about issues (documents) that the Court would rule as not being admitted." But there is little risk of that, because should the case proceed to trial Plaintiff will have an opportunity to file motions *in limine* asking the Court to bar the introduction into evidence of any documents he believes would unfairly prejudice the jury against him.

Because the Court finds no good cause to grant Plaintiff's motion for a protective order, the Court need not address Plaintiff's failure to comply with Rule 26(c)(1)'s requirement that he certify that he in good faith conferred or tried to confer with Defendants before filing the motion. But the Court warns Plaintiff that any future motion for a protective order must comply with that requirement.

### III. The September 28 Motions to Compel

In his September 28 motions to compel, Plaintiff asks the Court: (1) to compel Defendant Brian Hitchcock to answer Interrogatory Nos. 2, 6, 11, 12, 13, 14, 15, and 15A; (2) to compel non-party Gerry Scheub to answer Interrogatory Nos. 2, 2A, 11, 12, 13, 14, 17, 23, 25, 25A, and "Definition #13"; and (3) to compel Defendant Jack Allendorf to answer Interrogatory Nos. 2, 11, 12, 13, 14, 19, and 19A.

Defendants respond that Plaintiff has failed to comply with Rule 37's requirement to make a good-faith effort to confer with the opposing party before filing a motion to compel. Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or

attempted to confer . . .""). Indeed, the September 28 motions to compel do not include the certification that Rule 37 requires, and Defendants represent that Plaintiff did not make any effort to confer with them. Further, Defendants' response suggests that by working together the parties can likely resolve many of the points of contention regarding Defendants' interrogatory responses.

The Court has previously warned Plaintiff that any motion to compel must comply with Federal Rule of Civil Procedure 37(a)(1), which requires Plaintiff to "certify that [he] has in good faith conferred or attempted to confer" with Defendants before filing such a motion. *See* DE 53 ("In addition, the Court notes that a motion to compel, filed in compliance with Federal Rule of Civil Procedure 37, which includes a requirement that the parties attempt to resolve the discovery dispute without Court involvement, is the proper way to address deficient discovery responses."). Here, it does not appear that Plaintiff made a good-faith effort to resolve this discovery dispute with Defendants before filing the September 28 motions to compel. So the Court will deny the September 28 motions to compel, but the Court will not consider ordering Plaintiff to pay Defendants' fees on the ground that the circumstances would make such an award unjust. Fed. R. Civ. P. 37(a)(5)(B) ("If the motion is denied, the court . . . must . . . require the movant . . . to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion . . . . But the court must not order this payment if [the] circumstances make an award of expenses unjust."). Here, Plaintiff is *pro se*, and the Court does not find that Plaintiff acted in bad faith in violating Rule 37(a)(1). But the Court reminds Plaintiff that he must comply with Rule 37(a)(1) before filing any future motion to compel, and the Court encourages the parties to work to resolve their interrogatory disputes. In doing so, the parties may note that the Federal Rules do not contemplate serving interrogatories on non-parties like Gerry Scheub. *DeCola v. Kosciusko County Sheriff's Dep't*, No. 06-176, 2007 U.S.

Dist. LEXIS 41003 (N.D. Ind. June 5, 2007) ("the Federal Rules of Civil Procedure do not provide for serving interrogatories on non-parties"); *Ellison v. Runyan*, 147 F.R.D. 186, 188 (S.D. Ind. 1993) ("Interrogatories under Fed. R. Civ. P. 33 may be used to obtain information only from other parties, not non-parties.").

**IV.     The Motion to Produce Documents**

In his motion to produce documents, Plaintiff asks Defendants to produce a variety of documents. The motion does not ask the Court to take any action—despite being styled as a motion, it is really a request for document production—so the Court will deny this motion, as well.

**V.     Conclusion**

For the reasons above, the Court **DENIES** Plaintiff's "Motion to Comp[el] Under Rule 37 of the Federal Rules of Civil Pr[o]cedure[] and N.D. Ind. L.R. 37-1" [DE 68]; **DENIES** Plaintiff's "Motion for Protective Order Under Rule 26" 26 [DE 73]; **DENIES** Plaintiff's "Motion to Compel Under Rule 33 and Rule 37" [DE 75]; **DENIES** Plaintiff's "Motion to Compel Under Rule 33 and Rule 37" [DE 76]; **DENIES** Plaintiff's "Motion to Compel Under Rule 33 and Rule 37" [DE 77]; and **DENIES** "Plaintiff's Motion to Produce Documen[t]s Under Rule 34 FRCP" [DE 78].

SO ORDERED this 21st day of October, 2016.

/s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record
       Plaintiff, *pro se*